KAREM C. SHAHEEN, APPELLANT, *v.* RIVIERA HOTEL CORPORATION, A CORPORATION, RESPONDENT.

No. 4208

December 10, 1959                    347 P.2d 285

*John Manzonie* and *John F. Mendoza,* of Las Vegas, for Appellant.

*Clarence Sundean,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

Appellant on April 25, 1955 was a car parking attendant at the Riviera Hotel in Clark County, Nevada, owned and operated by respondent. He had been so occupied from the time the hotel opened on April 19 or 20, 1955. He was not on the payroll of respondent but worked under one Weeks, the supervisor of the hotel's parking lot, who likewise was not on the hotel payroll but was subject, as was appellant, to directions from the hotel's general manager and its bell captain. The compensation of both Weeks and appellant consisted entirely of gratuities received from guests. Appellant in moving quickly to pick up a guest's car benefited not only himself as thereby he would earn more gratuities, but also the hotel in furnishing its guests better service.

On April 25, 1955, between the hours of three and four in the morning, appellant, having received a guest's claim check at the entrance to the hotel, started off to get the guest his car. In doing so he crossed an island in front of the hotel, tripped on a 20-foot-long guy wire which was used to support one of the newly planted trees on the island, fell, and sustained injuries. There were no flags on the guy wire or elsewhere to warn of its presence, and the area was not lighted. No signs to keep out of the island which was partially surrounded by a walkway had been posted.

After hearing appellant's evidence, the trial court, in an oral decision, determined that appellant's occupation made him a business invitee, but that his position was altered to that of a mere licensee when he entered the island, and in the absence of respondent's active negligence appellant took the premises as he found them. The court then went on to say that the respondent owed appellant only the duty to keep the premises in a reasonably safe condition and "there being no evidence of negligence on the part of defendant the motion for dismissal may be granted."

Appeal is taken from the judgment of dismissal based on this action of the trial court in granting respondent's motion to dismiss.

It is appellant's contention that the evidence presented several factual matters which should have been submitted to the jury. With this we agree.

1. The evidence discloses that the area within the island had not been completed, and that it was filled with sand preparatory to the planting of grass therein. Appellant customarily crossed the island as such a route was the quickest, being the shortest distance between the hotel entrance and the car parking area. He testified, however, that he had never before crossed the particular part thereof where he tripped and fell. Evidence of witnesses other than appellant corroborated appellant's testimony that other parking attendants as well as guests of the hotel customarily used this island as a pathway.

In the case of Babcock & Wilcox Co. v. Nolton, 58 Nev. 133, 71 P.2d 1051, 1053, Mrs. Nolton while a visitor at the company plant was injured when a company truck driver backed his car into hers while she was parked in an area marked as restricted to company cars only. This court approved an instruction to the jury that if it found that the restricted area was habitually used by visitors for parking, without objection by the company, "such customary or habitual use without objection may give rise to an implication of consent to such use so that the users may have the status of licensees instead of trespassers."

In the Nolton case customary or habitual use of a restricted area advanced the status of a trespasser to that of a licensee. Based on the same reasoning, customary or habitual use of the island in the present case by an invitee who would ordinarily become a mere licensee in using a part of the premises not covered by the invitation could create an implied invitation to use the island when such person was on an errand of benefit both to the user and the proprietor. This would be true, however, only if the proprietor had knowledge of such customary use.

Whether respondent had knowledge of such customary use was a question of fact for the jury to determine. The island being where it was in front of the main entrance of the hotel and the showing of its continued use as a pathway by parking attendants and guests presented evidence which a jury could consider in determining whether the respondent had knowledge of such customary use.

"While there is no direct evidence of knowledge on the part of appellant [Babcock & Wilcox Co.], we are of the opinion that the circumstances as shown by respondent's witnesses of the use constantly made of the parking space immediately in front of the office building used by the superintendent and other officials of appellant tended to prove knowledge on its part." Babcock & Wilcox Co. v. Nolton, supra.

2. Whether or not appellant had knowledge of the existence of the guy wire prior to his injury therefrom likewise was a factual question, and this is conceded by respondent. Appellant testified he had no such knowledge. Circumstances tended to show that he did.[1] If the jury would conclude that appellant did have knowledge, it would be immaterial whether his status at the time was that of invitee or licensee; in either event he would not be entitled to recover. However, if he were a mere

---

[1]The evidence disclosed that the guy wire was in place from the day the hotel opened; that appellant customarily crossed the island; that his shift commenced at 6:00 p. m. each day when it was daylight; one of appellant's witnesses, a fellow car attendant during the day shift, according to his testimony, knew of the existence of the guy wire prior to the accident.

licensee, he would not be entitled to recover whether or not he knew of the existence of the guy wire.

From the foregoing it is apparent that factual questions were presented relative to the following: (1) whether respondent was negligent in not posting some warning of the existence of the wire, or in not illuminating the island, or in not posting no trespass signs thereon; (2) the status of appellant as a licensee or invitee; (3) whether or not respondent had knowledge of the customary use of the island by the car parking attendants; (4) whether or not appellant had knowledge of the existence of the guy wire; (5) and whether or not appellant at the time was proceeding in the dark in a familiar or unfamiliar place. See Tryba v. Fray, 75 Nev. 288, 339 P.2d 753.

For this reason it was mandatory for the trial court to submit such factual matters to the jury in order for it to determine if the defendant was negligent, and if so, whether the appellant assumed the risk of danger in venturing upon the island or was guilty of contributory negligence.

Reversed with costs and remanded for further proceedings.

BADT and PIKE, JJ., concur.